```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**JOHNATHAN C. READ,**

                      **Plaintiff,**

         v.                                   **CASE NO. 22-3120-SAC**

**(fnu)(lnu), Crawford County Sheriff, et al.,**

                      **Defendants.**

### MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se, and his fee status is pending.

### Nature of the Complaint

Plaintiff sues the Sheriff of Crawford County and unnamed persons employed at the Crawford County Jail, claiming that his rights were violated when (1) he was prevented from contacting his attorney between February and May, 2022; (2) kitchen staff used unsafe procedures in handling food, causing plaintiff to become ill; (3) medical staff did not respond to plaintiff's complaints in an appropriate time and did not provide attention "in the proper form"; (4) staff failed to protect plaintiff's medical privacy; (5) plaintiff was subjected to inhumane treatment; and (6) plaintiff was denied proper grievance procedures.

Plaintiff does not identify a specific request for relief.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an

officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff

believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

**Discussion**

Because the complaint does not provide specific allegations of fact to support plaintiff's claims, it does not state a claim for relief. Instead, plaintiff must provide a statement that sets out what each defendant did and how he was harmed. The plaintiff also must show the personal participation of each defendant; bare allegations are insufficient to meet this showing. *See Kan. Penn. Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)("'It is particularly important ... that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her.'")(quoting *Robbins*

*v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008)). An individual cannot be held liable under § 1983 on the basis of supervisory status. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008). Finally, the amended complaint should identify the specific relief sought.

Plaintiff's amended complaint must be submitted upon court-approved forms. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

Plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must refer to each defendant in the body of the complaint and, as explained, must allege specific facts that the describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **July 22, 2022,** to file an amended complaint. The failure to file a timely response may result in the dismissal of this action without additional notice.

IT IS FURTHER ORDERED that the clerk of the court shall transmit a form complaint to plaintiff.

**IT IS SO ORDERED.**

DATED:  This 24th day of June, 2022, at Topeka, Kansas.


                                    S/ Sam A. Crow
                                    SAM A. CROW
                                    U.S. Senior District Judge